For Respondent: P. S. Knauer, George Hurley and T. F. Farrell.

---

### 197

George Duffney
vs.
A. F. Morse Lumber Company

W.C.A.No.6510

June 27, 1918

TANNER, P. J. This is a petition in which a dependant of James Duffney, deceased, seeks to enforce the payment of compensation under an agreement under the Workmen's Compensation Act between the respondent, as employer, and the petitioner and Emma Duffney, his wife, as the partial dependents of the deceased employee.

The agreement was approved by Court. By that agreement said George Duffney and Emma Duffney, his wife, were partial dependents of the deceased son and payments of $2 a week were ordered paid to each of said partial dependents. The mother, Emma Duffney, has died. The petitioner, the father, now claims that he should receive the $2 per week formerly paid to his deceased wife, first: because his wife's right to compensation survived her death and

passed to him as her husband, who is entitled to administer upon her estate; second: because he is the surviving dependent and therefore entitled to the full amount formerly paid to them in two portions.

First: We do not decide the question of whether the wife's compensation was a vested right, since that question is now pending before the Supreme Court, but we do decide that the petitioner would not be entitled to it if it were vested, because he has not been appointed as administrator.

Second: In the cases cited by the petitioner to show that he is entitled to the $2 per week paid to his wife, there was some provision of law which would enable the Court to revise the agreement or decree so as to allow the surviving dependents the whole sum allowed to dependents, but there is no such provision under our Act. The amount of the husband's dependency was determined by the agreement and the combined dependency of the husband and wife did not, amount to one-half the weekly wages of the deceased son. To give the full award of $4 to the husband alone would be to compensate him to a greater degree than his actual dependency if it were otherwise proper to do so.

The petition must therefore be denied.

For Employer: Gardner, Pirce & Thornley.

For Dependent: J. M. Gillrain and J. F. Murphy.